IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
                                  :
SCHOLZ DESIGN, INC.
                                  :

     v.                           :     Civil Action No. DKC 08-1759

                                  :
TARYN ZIMMERMAN, et al.
                                  :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this copyright infringement action are motions to dismiss for lack of subject matter jurisdiction filed by Defendants Studio Z Design Concepts, LLC ("Studio Z"), Sandy Spring Builders, LLC ("Sandy Spring"), and Taryn Zimmerman.  (Papers 13, 16, 17).  The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, the motions to dismiss will be granted.

## I.  Background

Plaintiff Sholz Design, Inc. is engaged in the research, development, creation, and sale of architectural home designs and drawings.  Plaintiff authored and obtained a registered copyright in an architectural design entitled "The Masco House 5100" ("Masco House design").  In July 2000, Defendant Zimmerman requested and was sent a Scholz catalogue, video, and brochure containing several of Plaintiff's copyrighted designs, including the Masco House design.  Ms. Zimmerman contacted Plaintiff on July 17, 2000 and expressed an interest in the Masco House design but indicated that

she wanted to make some changes.  Plaintiff sent Ms. Zimmerman a letter on August 17, 2000 enclosing the Masco House 5100 Special.91337 ("Masco House Special"), a customized version of the Masco House design that incorporated Ms. Zimmerman's requested changes.

Ms. Zimmerman then sent Plaintiff a letter, dated August 31, 2000, listing additional changes to be incorporated into the Masco House Special.  Attached to the letter, Ms. Zimmerman included the floor plans of the Masco House Special, with handwritten markings to indicate her desired changes.[1]  In November 2000, Ms. Zimmerman informed Plaintiff that she had decided to retain a local builder and no longer had an interest in the Masco House Special.  Plaintiff alleges that it subsequently discovered that Ms. Zimmerman built a house almost identical to the Masco House Special.  Defendant Studio Z prepared the plans and the home was constructed by Defendant Sandy Spring Builders.

On July 7, 2008, Plaintiff filed suit against Ms. Zimmerman, Studio Z, and Sandy Spring Builders, alleging copyright infringement.  (Paper 1).  Plaintiff seeks a preliminary and permanent injunction enjoining further use of the Masco House Special design plans and monetary damages.  Importantly, the

---

[1] Plaintiff's opposition to the motions to dismiss does not indicate whether Plaintiff made further modifications to the design plans for the Masco House Special pursuant Ms. Zimmerman's August 31, 2000 letter.

complaint alleges, and it remains undisputed, that Plaintiff has only obtained a Certificate of Copyright Registration for the original Masco House design, but the complaint claims infringement of the Masco House Special.

On August 22, 2008, Sandy Spring Builders filed both an answer to Plaintiff's complaint and a cross-claim against Ms. Zimmerman and Studio Z.   Sandy Spring Builders asserts that the actions complained of in Plaintiff's complaint are exclusively based on the actions of Ms. Zimmerman and/or Studio Z and that Sandy Spring Builders should therefore not bear the burden of any potential judgment against Defendants.  (Paper 6).  Ms. Zimmerman filed an answer to the complaint on August 29, 2008 (Paper 8), and filed an answer to Sandy Spring's cross-claim on September 15, 2008.  (Paper 9).  Studio Z filed a motion to dismiss for lack of subject matter jurisdiction on October 14, 2008.  (Paper 13).  Thereafter, Sandy Spring and Ms. Zimmerman filed separate motions to dismiss (Papers 16, 17), adopting the reasons for dismissal stated in Studio Z's motion.

## II.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

### A.    Standard of Review

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed. R. Civ. P. 12(b)(1).  The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court.  *See Evans v. B.F. Perkins Co., a Div. of*

*Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).   In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it.   *Richmond, Fredericksburg & Potomac R.R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647.   The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."   *Richmond*, 945 F.2d at 768.

### B.   Analysis

"Copyright registration is a jurisdictional prerequisite to bringing an action for infringement under the Copyright Act." *Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279, 283 (4th Cir. 2003)(citing 17 U.S.C. § 411(a)(1996); *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 658 (4th Cir. 1993)).   Defendants assert that Plaintiff's claim for copyright infringement should be dismissed for lack of subject matter jurisdiction because Plaintiff does not hold a registered copyright in the Masco House Special, the work Defendants allegedly infringed.   Defendants argue that registration of the original work, the Masco House design, does not provide subject matter jurisdiction for Plaintiff's unregistered derivative work, the Masco House Special.

Plaintiff does not dispute that it did not obtain copyright registration for the Masco House Special.   Rather, Plaintiff

counters that the Masco House Special is not a derivative work requiring its own copyright, but instead is a customized version of the Masco House design, a registered work.   Alternatively, Plaintiff insists that even if the Masco House Special is a derivative of the Masco House design, registration of the Masco House Special is not required prior to bringing a claim for copyright infringement.

**1.   Derivative Work**

The Copyright Act, 17 U.S.C. § 101, defines a derivative work as:

> . . . a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted. A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a "derivative work."

Plaintiff asserts that it was not required to register the Masco House Special before bringing a copyright infringement suit because the work is not a derivative of the Masco House design. Plaintiff, relying on *Fred Riley Home Bldg. Corp. v. Cosgrove*, 864 F.Supp. 1034, 1037 (D.Kan. 1994), argues that a copyrightable derivative work must be 'substantially different from the preexisting work . . . [and] the original aspects of the derivative work must be more than trivial." In *Riley Home*, the plaintiffs, a

5

homebuilder and designer, registered copyrights in architectural designs for two houses, Summit House and Century House. The Summit House was registered as an original work and Century House was registered as a derivative work of Summit House. The architectural plans for Century House were identical to those for Summit House, with the exception of trim work to the front windows and the front entrance. In deciding ownership of the copyright in Century House, the court held that Century House was not a derivative work of Summit House because, based on undisputed facts, the houses were "substantially similar" and "[t]he changes in the Summit House to the Century House were insubstantial and not original . . . ." The court held that "[t]he copyright . . . on the Summit House protects [the Summit House] architectural work as incorporated in the drawings for Century House and the structures known as Summit House and Century House." *Id.* at 1040. The *Riley Home* court set forth the law as follows:

> In order to be considered a derivative work under 17 U.S.C. § 103 the work must be recast, transformed or adapted from a pre-existing work. 17 U.S.C. § 101. To be copyrightable as a derivative work, it must be substantially different from the pre-existing work. The original aspects of the derivative work must be more than trivial. *L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486 (2$^d$ Cir. 1976). The work must not consist of actual copying and must include more than mechanical copying. Fundamentally, the work must be the original product of the claimant. *Batlin*, *id.*; *Durham Industries v. Tomy Corp.*, 630 F.2d 905 (2$^d$ Cir. 1980). Further, the copyright claimant of the derivative work must have the consent of the

> holder of the copyright in the pre-existing
> work for the creation of the derivative work.
> *Gracen v. Bradford Exchange*, 698 F.2d 300 (7th
> Cir. 1983).   The creation of the derivative
> work may not be an infringement upon the
> pre-existing work from which it is derived.
> 17 U.S.C. § 103.

*Riley Home*, 864 F.Supp. at 1037.

Plaintiff argues that, as in *Riley Home*, the Masco Special is substantially similar to the Masco House design, and differs only in a few minor respects, including enlarged master suite and family room areas with two staircases, an additional hallway, a larger pantry area, and a relocated four car garage.

Plaintiff itself refutes this argument by the allegations in ¶ 10 of its complaint in which it contends that "The Masco House Special is an original work of authorship and constitutes copyrightable subject matter . . ."  The alterations between the Masco House design and the Masco House Special appear to be more than trivial changes.  Ms. Zimmerman sent a letter to Scholz on August 31, 2000 listing extensive changes to the design, including changes to the master suite, guest room, family room, pantry, laundry room, number of bedrooms, loft, bathrooms, bonus room, and basement.  (Paper 14, Ex. D, Zimmerman Ltr.).  The interior modifications also affected the exterior design, requiring extension of the front and entire right side of the house.  Ms. Zimmerman also requested a three car garage instead of a four car garage.  These changes are in stark contrast to those in *Riley*

*Home*, which only involved changes to the trim of the front windows and the front entrance.   Therefore, Plaintiff's allegations cast the Masco House Special as a derivative work that must be registered separately prior to filing suit.[2]   *See, e.g., Watkins v. Chesapeake Custom Homes, L.L.C.*, 330 F.Supp.2d 563, 574-75 (D.Md. 2004)(noting that mere revisions to the master bedroom suite were not "distinguishable variations" sufficient to constitute a derivative work).   Accordingly, in the absence of a copyright registration for the Masco House Special, the court lacks subject matter jurisdiction over Plaintiff's copyright infringement claim.

## B.   Registration

Plaintiff asserts that, even if the Masco House Special is a derivative of the Masco House design, Plaintiff may still maintain a copyright infringement claim without registering the Masco House Special.   Plaintiff argues that because it is the owner of the registered underlying work (the Masco House design) that is part of an unregistered derivative work (the Masco House Special), it may maintain a copyright infringement action against a defendant who reproduces the derivative work without authorization.   Plaintiff insists that so long as the infringement relates to material common

---

[2]   Plaintiff does not dispute that registration of an original work does not create subject matter jurisdiction with respect to a suit for infringement of the original's unregistered derivative. *Well-Made Toy Mfg. Corp. v. Goffa Intern. Corp.*, 354 F.3d 112, 115 (2$^d$ Cir. 2003).

8

to both the underlying and the derivative works, the copyright owner may simply allege a violation of the original work.

The problem with this argument is that Plaintiff has not alleged any infringement based on the original work, the Masco House design.  Rather, the gravamen of Plaintiff's complaint is that Defendants committed copyright infringement by copying the Masco House Special.  Plaintiff has not alleged that Defendants infringed the registered copyright of the Masco House design, nor that Defendants copied protected elements common to both the Masco House Special and the Masco House design.  Plaintiff alleges that "Defendants prepared, or induced, caused, or materially contributed to the preparation of, certain architectural drawings by copying the Masco House Special.  Specifically, Defendants have used the drawings and otherwise induced, caused, or directed the wrongfully copied Masco House Special to be used or exploited in the construction of [Ms. Zimmerman's house.]"  (Paper 1, ¶ 13).  Plaintiff further alleges that "Defendants' actions violate Scholz's exclusive copyrights in the Masco House Special and those actions constitute an infringement of Scholz's copyrights under 17 U.S.C.A. § 106." (*Id.* ¶ 15).

Plaintiff acknowledges its failure to allege infringement of the original Masco House design in its complaint and requests leave to file an amended complaint to allege a copyright infringement claim based on the registered Masco House design.  Accordingly,

Defendants' motions to dismiss will be granted.  Plaintiff may file an amended complaint within fifteen days to allege properly a copyright infringement claim based on the Masco House design.

## III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be granted.  A separate Order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge